## IN THE COURT OF APPEALS OF IOWA

No. 17-0258
Filed April 5, 2017

**IN THE INTEREST OF T.L. and S.L.,**
**Minor Children,**

**J.G., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Hancock County, Karen Kaufman

Salic, District Associate Judge.

A mother appeals the termination of her parental rights to her children.

**AFFIRMED.**

Philip L. Garland of Garland Law Firm, Garner, for appellant mother.

Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant

Attorney General, for appellee State.

Theodore J. Hovda, Garner, guardian ad litem for minor children.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

A mother appeals the termination of her parental rights, asserting it was not in the children's best interests and there were factors militating against termination. We affirm.

T.L., born 2009, and S.L., born 2003, came to the attention of the Iowa Department of Human Services (DHS) in January 2015, after the mother's paramour allegedly sexually abused T.L. In addition, S.L. had witnessed incidences of domestic violence between the mother and her paramour. The children were removed from the mother's care and placed with their father, where they have remained throughout the pendency of these proceedings.

On appeal, the mother does not contest the statutory grounds upon which her rights were terminated. *See* Iowa Code § 232.116(1)(d), (f) (2015). Instead, she claims termination was not in the children's best interests because of the close relationship she shares with the children and because they are placed with their father. *See id.* § 232.116(2), (3). The district court rejected both arguments, and on our de novo review, so do we. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014) ("We review proceedings terminating parental rights de novo.").

For two years the mother was offered a host of services, which she failed to engage in, leaving her in no better position to safely care for the children than when they were initially removed. Her relationship with her abusive paramour continued, as the mother denied he had abused T.L., and the mother remained financially and emotionally dependent on the paramour. Although initially testing negative for illegal substances, the mother tested positive for methamphetamine

and amphetamines shortly before the termination hearing. The children were often disappointed by the mother cancelling or shortening visits or when the mother's behavior at the visits became confrontational. The workers who supervised visits all opined the visits were detrimental to the children. The record is clear the mother has chosen her paramour over her children. The district court found termination of the mother's parental rights was in the best interests of the children and no bond between the mother and the children outweighed termination. We agree and affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**